## STONE *v.* STONE.

WHERE the transcript consists of the pleadings, several affidavits, and memoranda of exceptions taken in the progress of a cause, and signed by the Judge, stating that certain motions were made on the one side upon affidavits, and resisted on the other, together with the rulings of the Court and the exceptions of counsel, but containing nothing which identifies the affidavits in the transcript as those upon which the motions were made, or which enables this Court to determine the correctness of the rulings below: *Held*, that the orders cannot be brought up for review on appeal from a final judgment in this way.

A regular statement must, in such case, be prepared according to the statute, embracing so much of the affidavits or evidence, upon which the rulings were had, as to explain and point the exceptions taken; and the memoranda of exceptions signed by the Judge in the progress of the cause serve only to secure accuracy in the statement.

It is only where an appealable order is made upon affidavits, and an appeal is taken directly from such order, that a statement is not required. But even then there must be some certificate of the Judge or Clerk specifying the affidavits used.

APPEAL from the Fifth District.

Suit for divorce and division of common property. The cause, being at issue, defendant moved the Court for a change of venue, plaintiff opposing the motion, which was granted. Subsequently, plaintiff moved for alimony and allowance for counsel fees. Motion denied, and plaintiff moved for an injunction restraining the alienation of the common property *pendente lite*. This motion being denied, plaintiff moved for continuance, which was denied, and the cause, being called for trial, was, on motion of defendant, dismissed with costs. These several motions were made and resisted upon affidavits, and on overruling the motions the Judge signed a memoranda of the exceptions in the usual form. Further facts appear in the opinion of the Court.

Plaintiff appeals from the final judgment dismissing the cause and in favor of defendant for costs, and from the orders overruling the several motions.

*D. W. Perley*, for Appellant.

FIELD, C. J. delivered the opinion of the Court—BALDWIN, J. concurring.

Stone v. Stone.

The transcript in this case consists of the pleadings, several affidavits, and memoranda of exceptions taken in the progress of the cause, and signed by the Judge. These memoranda state that certain motions were made on the one side upon affidavits, and resisted on the other, and the rulings of the Court and the exceptions of counsel. There is nothing in them which identifies the affidavits in the transcript as those upon which the motions were made, or which enables us to determine the correctness of the several rulings of the Court. Orders cannot be brought up for review on appeal from a final judgment in this way. A regular statement must be prepared in the manner pointed out by the statute, in which so much of the affidavits or evidence upon which the rulings were had must be inserted as to explain and point the exceptions taken. The memoranda signed by the Judge in the progress of the cause will secure accuracy in the preparation and settlement of the statement, and they can serve no other purpose.

It is only where an appealable order is made upon affidavits, and an appeal is taken directly from such order, that a statement is not required. But even then there must be some certificate of the Judge or Clerk specifying the affidavits used. (Prac. Act, secs. 338, 343; *Paine* v. *Linhill et al.*, 10 Cal. 370.) In the present case, the appeal is from the final judgment, and the orders to which objection was taken were not appealable, and the ruling with reference to them can only be presented like exceptions taken upon the trial, by a regularly prepared statement.

Judgment affirmed.