[No. 2,709.]

THE NEVADA COUNTY AND SACRAMENTO CANAL COMPANY v. GEORGE W. KIDD, JAMES WHARTENBY, CHARLES MARSH, JOHN DUNN, AND JOHN JENKINS.

APPEAL—ORDER STRIKING OUT PARTS OF PLEADING.—An order striking out portions of a pleading is no part of the judgment roll, and cannot be reviewed on appeal from the judgment, unless it be supported by a statement on appeal.

DEMURRER—UNITING SEVERAL CAUSES OF ACTION IN ONE COUNT.—A complaint setting up in one and the same count ownership in, and ouster from, a certain water right, and also a site for a dam, and the land on which a dam is built, and praying for restitution, is demurrable, for improperly uniting several causes of action.

APPEAL from the District Court of the Fourteenth Judicial District, Nevada County.

The complaint averred "that on the 18th day of July, 1867, plaintiff was the owner of and entitled to the possession of a certain water right, known as the water flowing down the South Yuba River, situated, lying, and being in the County of Nevada, State of California, at a point about four hundred and twenty rods above the summit of the gap which divides the waters of the South Yuba River from Bear River, at the point where a large pine or fir tree lay across said river in the year 1855, said point lying and being in Washington Township, in said county; and at the same point where plaintiff, in the year 1855, commenced to construct a dam, and where a certain dam now claimed by defendants is now located. Plaintiff avers that plaintiff is now the owner and entitled to the possession of said water right. Plaintiff avers that plaintiff is the owner of and entitled to the possession of the site for a dam at said point in said Yuba River, and the dam constructed, and the land on which the same is built, and also the canal or flume leading from said point, dug or made down the easterly side of said river a distance of four hundred and twenty rods, and has so been the owner since said 18th day of July, 1867. Plaintiff further avers that defendants, and those through whom they claim, wrongfully, unlawfully, and without plaintiff's consent, on said 18th day of July, 1867, entered upon said water right and the dam of plaintiff, and the canal and land where the same are located, and deprived plaintiff of the possession thereof, and now still continue to deprive plaintiff of the possession of the same, by reason of which wrongful act of defendants plaintiff is wholly prevented from using and enjoying said water right, and the said dam and canal." The prayer was for restitution and an injunc-

tion to restrain defendants from interfering with the water right, and for general relief.

The defendants moved to strike out the averments in reference to the water right, on the ground that ejectment would not lie to recover it; that the allegations were not material to the cause of action set forth, and that no property, or right of property, in plaintiff, was averred in that portion of the complaint. They also demurred on the ground that several causes of action were improperly united in the same count, to wit: a cause of action arising from alleged expulsion, and a motion of plaintiff by defendants from, and wrongful detention by defendants of, a specific parcel of real property, with a cause of action arising from alleged expulsion, and a motion of plaintiff from, and wrongful detention by defendants of, a water right.

The Court below granted the motion to strike out and sustained the demurrer, and gave the plaintiff thirty days to amend. The plaintiff, having declined to amend, and his complaint having been dismissed, appealed from the judgment.

*W. H. Bullock*, for Appellant.

This is not an action of ejectment, as assumed by defendants. It is an action for an injunction and for general relief. The common law definition of actions is abolished by our Practice Act; and it makes no difference what the action would be called at common law. It is true that by the common law an action of ejectment would not lie for running water. But the gravamen here is the water right. The site for a dam, the dam itself, and the flume, are merely appurtenant to it, and would be worthless without it. A water right is property, and has been recognized as such by repeated decisions of this Court. (*Hill* v. *Neuman*, 5 Cal. 445; *Kidd* v. *Laird*, 15 Cal. 162; *Hoffman* v. *Stone*, 7 Cal. 47.)

In this State a water right is something more than a mere easement or incorporeal hereditament ; and if a party is ousted an action will lie to recover it by its true name of water right.    (37 Cal. 326.)

*A. C. Niles* and *Niles Searles,* for Respondents.

As there is no statement on appeal or bill of exceptions, this case comes up on the judgment roll alone.    The motion and order to strike out are no part of the judgment roll, and therefore cannot be considered on this appeal.    (*Sutter* v. *San Francisco,* 36 Cal. 114; *Wetherbee* v. *Carroll,* 33 Cal. 552; *Harper* v. *Minor,* 27 Cal. 109; *Gates* v. *Walker,* 35 Cal. 290.)

The demurrer was properly sustained.    It was interposed to the whole complaint, and must be construed in relation to the entire pleading.    The water right—supposing we could enter upon and take possession of such a thing—is not dependent, nor is it averred to be dependent upon or appurtenant to the dam and canal afterwards mentioned in the complaint.    Though the water right could not exist without some dam, or ditch, or other contrivance for its diversion or use, yet it might very well exist without the dam or ditch mentioned.    We might be entirely willing to yield to plaintiff the possession of the dam, and canal, and flume, and yet contest its claim to the use of the waters of the Yuba.    We may have other ditches, above or below upon the stream, by which we would be entitled to divert every drop of the water.    We could make numerous issues as to the water right, such as abandonment, purchase of right from prior appropriators, etc., which would be entirely consistent with plaintiff's ownership of the dam and canal.    We are entitled to have the several causes of action so stated that we can demur, or take other issue upon each—that we can admit the one and deny the other, as the facts of the case may warrant.

This question was fully argued and determined in the case of *Nevada County and Sacramento Canal Co.* v. *Kidd*, 37 Cal. 309; and there are reasons why the decision in that case— the parties, property, and cause of action being the same as in this—should be considered as *res adjudicata*—the law of this case.

By the Court, WALLACE, C. J.:

First—Upon motion of the defendants, an order was entered striking out a portion of the complaint. The appeal is taken from the judgment and from an order sustaining a demurrer to the complaint. That an order striking out a portion of a pleading may be reviewed here upon appeal from the judgment is true; but it is no less true that such an order, being in itself no part of the judgment roll (section two hundred and three), cannot be so reviewed except it be supported by a statement on appeal; and here there is none.

Second—The Court sustained a demurrer to the complaint, with leave to the plaintiff to amend, and no amendment having been made, rendered judgment dismissing the action.

It is clear that several causes of action have been improperly united—mingled together—in the complaint. The entry upon the " *site for a dam* "—the " *dam constructed* "—the " *land on which the same is built,*" etc., (as was said here in *N. C. and S. C. Co.* v. *Kidd*, 37 Cal. 282), "may perhaps be regarded as a single cause of action;" but, as was then said also, "the water right  *  *  *  is a different thing." The complaint, containing as it does but a single cause of action, and counting upon an invasion of all these in that count, is clearly obnoxious to the demurrer interposed under subdivision five, section forty, of the Practice Act.

Judgment affirmed.

Mr. Justice NILES, having been of counsel in the Court below, did not sit in this case.