## JOHN McCAUSLAND, Respondent, *v.* JAMES M. LAMB *et als.*, Appellants.

Appeal—Transcript Without Statement. Where a transcript on appeal contained neither a statement on motion for new trial nor on appeal: *Held*, that there was nothing in it for review except the judgment roll.

Clerical Mistake in Judgment—Errors Not Noticed Below. Where on appeal from a judgment it appeared that there was a clerical mistake in the rate of interest, but such mistake had not been brought to the attention of the court below : *Held*, that the Supreme Court would not notice it.

Appeal from the District Court of the Second Judicial District, Washoe County.

This was an action for judgment on a promissory note for $3,000 and interest at the rate of two per cent. per month, and to foreclose a mortgage therefor given by James M. Lamb to J. S. Lamb

in December, 1869, on certain lots in the town of Verdi, Washoe County, and a one-fourth interest in the " Verdi planing mill and factory."    Plaintiff was the assignee of such note and mortgage. Henry Menke, John King, William J. Bell, Alonzo Smith, Robert Blair and James Mayberry were also made defendants, as having or claiming to have an interest in the mortgaged premises.    Menke filed a separate answer, as did also Blair ; and afterwards King, Bell and Smith answered. . To the answers of Blair, King, Bell and Smith, plaintiffs interposed a demurrer ; and Menke was allowed to join in such demurrer, which subsequently was sustained so far as plaintiff and Menke were concerned ; but overruled as to the others.    There was a judgment of foreclosure : first, in favor of plaintiff, next of H. Menke, the holder of another mortgage, and third of Bell, Blair, Smith, and King, the holders of still another mortgage.    The latter four claimed that the property mortgaged was partnership property of Crow, Lamb & Co., and their mortgage a partnership mortgage, while the others were individual mortgages ; and it is they who took this appeal.

In the judgment, by a clerical mistake the rate of interest to be paid the plaintiff was stated to be three per cent. per month instead of two per cent.

The transcript contained no statement of any kind, or bill of exceptions.

*Thomas E. Hayden*, for Appellants.

I. Plaintiff and defendant Menke demurred to the answer of defendants King, Blair, Smith, and Bell.    The court supported such demurrer, and thereby precluded those defendants from showing that plaintiff's debt was the individual debt of Lamb, and only subject to payment after the satisfaction of the copartnership mortgage.    Defendants King and others not having the right to appeal from the order sustaining such demurrer, appeal from the final judgment, and desire the review of the order sustaining such demurrer in favor of plaintiff and Menke.    That order was not an appealable order.    No statement could ordinarily be filed in such a case ; because a statement is to be filed within twenty days after

McCausland *v.* Lamb.

the entry of judgment or order; and such statement cannot be made before the entry of judgment.

II. The error in requiring plaintiffs' judgment to bear interest at three per cent. per month is patent and must be corrected.

III. The only object of a statement or a bill of exceptions is to make that record which, without it, would not be record; but in this case the demurrer as one of the pleadings properly forms a part of the judgment roll, and properly goes before the appellate court. *Huse* v. *More*, 20 Cal. 115; *Williams* v. *Glasgow*, 1 Nev. 526; *State* v. *Earl*, 1 Nev. 396; *Howard* v. *Richards*, 2 Nev. 131; *Foulks* v. *Pegg*, 6 Nev. 137.

*W. E. F. Deal*, for Respondent.

I. The appeal is only from the final judgment. No statement on appeal was filed. The only question then is, whether the decree is supported by the pleadings.

If appellants desire to have any intermediate orders affecting the judgment appealed from, and not forming a part of the judgment roll reviewed, they must by means of a statement on appeal bring them into the record, together with such facts forming the basis of the order as are necessary to explain the action of the court below.

II. It is true, there is a clerical mistake in the judgment; but that could have been corrected in the court below. The decree should be corrected in this respect; but at the cost of appellants.

*H. B. Cossitt*, for Respondent Menke.

By the Court, WHITMAN, J.:

This is an appeal from a judgment decree and intermediate orders. The main complaint of error is in the action of the district court in sustaining the demurrer to the answer of defendants. With regard to the consideration of that and others specified, respondent insists that there is nothing in the transcript for review except the judgment roll, there being no statement either on motion for new trial or on appeal. Such is the fact; and it is also true that no error appears upon such roll, except what is evidently a

clerical mistake in the rate of interest.. As that was not brought to the attention of the court below, it will not be noticed here. *Ehrhart* v. *Curry, ante,* 221.

The judgment and decree of the district court are affirmed.

GARBER, J., did not participate in the foregoing decision.