# JOHN JAMES, Respondent, v. ANDREW GOODENOUGH et. als., Appellants.

Immaterial Variance between Proofs and Allegations. Where in an action for diverting the water of a certain creek, plaintiff alleged in his complaint that in June, 1865, and before the alleged diversion, he and one Epstein recorded a claim to all the waters of the creek, and within a reasonable time afterwards constructed a flume leading the waters to his land, and that he had acquired all the interest of Epstein; and on the trial plaintiff testified that he and one Jones constructed the flume in 1864, and in 1865 he and Epstein recorded the claim; and a motion by defendant to strike out the testimony on the ground that it did not conform to the allegations of the complaint was denied: *Held*, that there was no fatal variance and that the ruling was not error.

Correspondence of "Allegata" and "Probata" only Required in Essential Particulars. If the proofs in a case correspond with the allegations of the pleadings in respect to those facts and circumstances which are, in point of law, essential to the cause of action, it is sufficient.

Immaterial Allegations Need not be Proved as Laid. Immaterial allegations, such as probative facts not descriptive of some essential averment, need not be proved as laid.

Immaterial Averments as to Time of Acts Done. Where, in a complaint for the diversion of the waters of a creek, it was alleged that plaintiff first recorded a claim to the water and afterwards constructed a flume for leading it to his land: *Held*, that, supposing the allegations to be material, it was immaterial which was prior in point of time, and that therefore a variance in the proof from the priority as alleged was equally immaterial.

No Consideration of Insufficiency of Evidence on Appeal where no Motion for New Trial. Where there is no motion for new trial, the Supreme Court will not consider an objection that the findings are not justified by the evidence.

Appeal from the District Court of the Second Judicial District, Douglas County.

This was an action against Andrew Goodenough, Samuel Bell and Edward Cassity, for diversion of the waters of Hartshorn Creek, in Douglas County, asking damages in the sum of five hundred dollars, and for an injunction to restrain further diversion. The court below found that the plaintiff and his grantors appropriated the waters of the creek in 1853, for irrigating purposes; that in June, 1865, he and Henry Epstein recorded a claim for seventy

inches of the waters of the creek, and appropriated such seventy inches of water by constructing a flume for conducting the same to his land; that the plaintiff was the owner and entitled to such water, and that the defendants had wrongfully diverted the same, and threatened to continue such diversion. There was a judgment in favor of plaintiff for one dollar damages, and for costs, and for a perpetual injunction restraining defendants from diverting or using any of the waters of the creek, except such as might be in excess of the seventy inches belonging to plaintiff. From this judgment the defendants appealed. There was no motion for a new trial.

*T. W. W. Davies,* for Appellants.

I. The allegation of the construction of the flume subsequent to June, 1865, and the diversion and use of seventy inches of water through the same, are facts *essential* to the support of the action. It is a rule that the allegations and proofs must correspond; and the consequence of this rule is another, that evidence of a fact essential to the support of an action cannot be heard unless it be averred in the complaint. *Maynard* v. *F. F. Insurance Co.,* 34 Cal. 60; *Green* v. *Palmer,* 15 Cal. 415; *Graydon* v. *Gaddis,* 20 Ind. 518.

II. The objection to the variance between the complaint and the proofs was made in a stage of the trial when the court could have allowed an amendment; and therefore no objection can be urged that it was not in time. See *Ward* v. *Forrest,* 20 How. Pr. 465; *White* v. *Stillman,* 25 N. Y. 452.

III. Injury is presumed from evidence erroneously admitted, and the adverse party must show clearly that no injury accrued, or the judgment cannot stand. It is submitted that the court erred in admitting the testimony objected to, and that injury is presumed to have resulted to defendants thereby. *Soule* v. *Dawes,* 6 Cal. 473; *McCloud* v. *O'Neal,* 16 Cal. 32; 1 Cal. 462; 25 Cal. 471; 27 Cal. 568; 26 Cal. 130; 30 Cal. 394; 14 Cal. 18; 28 Cal. 539.

IV. In the cases holding that findings will not be reviewed on appeal, unless there is a motion for new trial, we have looked in vain for any sufficient reason to support the rule; and we speak of

it as a rule, because, in our opinion, there is not only no law justifying the position, but its assumption is in derogation of the rights of appellant, as provided in Section 332 of the Practice Act. The remedy by motion for new trial is in *no case* exclusive; and to hold that a new trial must be asked for, when the error assigned is that the court has made its findings and entered judgment unsupported by the evidence, is saying, as clearly as can be said in any other case, that the trial court must have an opportunity of committing the same error twice before an appeal will lie. See *Rice* v. *Cunningham*, 29 Cal. 495; *Crook* v. *Forsyth*, 30 Cal. 662; 32 Cal. 102; 33 Cal. 202, 356, 522, 650.

*D. W. Virgin*, for Respondent.

I. The variance, if any, was immaterial, and there is nothing to warrant the assumption that the testimony admitted was ever considered by the court in making its findings. Plaintiff might have built his flume in 1863, but testimony to that end could avail him nothing, neither could it prejudice the defendants, as the plaintiff did not claim any right, privilege, or benefit by reason of any flume constructed prior to 1865.

II. The assignment of error, that the findings are not justified by the evidence, will not be considered by this court on appeal, as the statement does not purport to contain all the evidence, and because defendants made no motion for new trial in the court below. See *Harper* v. *Minor*, 27 Cal. 107; *Moore* v. *Tice*, 22 Cal. 513.

*Robert M. Clarke*, also for Respondent.

By the Court, GARBER, J.:

The plaintiff obtained a decree enjoining the defendants from diverting the water of a certain creek. The complaint alleges, among other things, that, in June, 1865, the plaintiff and one Epstein recorded a claim to all the water of said stream, and, within a reasonable time thereafter, constructed a flume leading from the channel of the creek to the land of the plaintiff before described, into which they turned and through which they conducted said water over and upon said land, for the purpose of irrigating the same; and that the

plaintiff had acquired all the interest of Epstein. On the trial the plaintiff testified that he and one Jones constructed the said flume in 1864, and that, in 1865, Epstein and the plaintiff recorded the said claim. The defendants moved to strike out the testimony as to the construction of a flume in 1864, by the plaintiff and Jones, on the ground that it did not conform to the allegations in the complaint. The motion was overruled, and the ruling excepted to. The appellants contend that this was a fatal variance; but we are clearly of opinion that it was not.

It is sufficient if the proofs correspond with the allegations in respect of those facts and circumstances which are, in point of law, essential to the cause of action. The *allegata* and *probata* need have only a legal identity, and this consists in their agreement in all the particulars legally essential to support the claim preferred. Immaterial allegations, such as probative facts not descriptive of some essential averment, need not be proved as laid. 3 Starkie Ev. 1525 *et seq.* ; *Patterson* v. *Keystone Mining Co.*, 30 Cal. 364. Here the essential *facts*—those constituting the cause of action— are:

1. That before and at the time of the diversion mentioned the plaintiff was seized in fee and possessed of the land described, situate upon the creek mentioned.

2. That during all that time the plaintiff had the right to use and employ, and ought to have had and enjoyed, and still, of right, ought to have and enjoy the benefit and advantage of the water of said water-course, which during that time ought to have run and flowed, and until the diversion, etc., of right had run and flowed, and still of right ought to run and flow therefrom through a certain flume leading from the channel of said creek to said land and to parts thereof beyond and remote from said creek, and from thence unto, into and over said land for the irrigating and watering the same, and the benefit and improvement of the soil thereof.

3. The continuing diversion by the defendants, the damage, etc. *Vide* 2 Chitty Pl. 786–794 (a) ; Ib. 799, 800, note (y) ; *Twiss* v. *Baldwin*, 9 Conn. 191; 13 Cal. 221; 1 McCarter, (N. J.) 342 ; 35 Penn. 88. At least, none of the other allegations of the complaint can be claimed to be essential or constitutive.

The case thus made is equally supported, whether the evidence be that the flume was constructed in the year 1864 by Jones and the plaintiff, or in the year 1865 by Epstein and the plaintiff. Proof that the water was turned into the flume in 1864 certainly is not so inconsistent with the allegation that the water did flow and ought to have flowed through it in 1865, as to disprove it altogether. Such a redundancy of proof is wholly unimportant.    3 Starkie, 1558.

The variance from the formal allegation as to the time when and the person by whom the flume was constructed would not be fatal, even on the supposition that the recording of the claim to the water and the construction of the flume were each of them material facts. Their priority in point of time being absolutely immaterial, a variance from the priority as alleged is equally so.    The agency by which the act was performed is a circumstance as unimportant as its date, and as little descriptive of the material fact.    Ibid, 1553–1569.

It is urged that the evidence is insufficient to justify the findings. But no motion for a new trial was made, and in no other manner can the question be raised.    The judgment is affirmed.