[3,364.]

## E. A. POOLE *v.* H. A. CAULFIELD.

APPEAL FROM ORDER.—Alleged error in entering an order cannot be inquired into on appeal, unless there is a statement annexed to the order.

CONSTRUCTION OF RULE OF COURT.—If a rule of Court provides, that when a cause has been at issue for two years upon a question of either law or fact, and the plaintiff has not brought it on for a hearing, that the defendant shall be entitled to an order of dismissal without notice, the continuance of the time for the argument of a demurrer by consent takes away for two years thereafter the right of the defendant to move for a dismissal.

DILIGENCE IN PROSECUTING SUIT.—On an appeal from an order which involves the question of the dismissal of an action for want of diligence in prosecuting it, the question of diligence must first be presented to the Court below on notice given, or it will not be considered by the appellate Court.

APPEAL from the District Court of the Sixth Judicial District, Sacramento County.

The plaintiff commenced an action in ejectment to recover a lot in Sacramento, April 17th, 1868. A demurrer was filed April 21st, 1869; and on the 14th of April, 1871, the Court, by consent of the parties, ordered that the hearing of the demurrer be continued. On the 8th of March, 1872, upon motion of McKune, for the defendant, without notice to the plaintiff, the cause was dismissed, for want of prosecution,

under the thirty-first rule of the Court, which is as follows: "When any cause has been at issue, either upon questions of law or fact, or both, and plaintiff has not within two years from said issue brought it on for hearing, the defendants, on application to the Court, shall, without notice, be entitled to an order dismissing such cause at plaintiff's cost, for want of prosecution." Subsequently the plaintiff, on notice to the defendant, moved to set aside the last order. The defendant objected, on the ground that the demurrer had not been brought on for a hearing within the meaning of the rule, and that the case should be dismissed for want of prosecution, even if there was no such rule. The objection was overruled, and the order granted, and the cause restored to the calendar. The defendant appealed from the order vacating the order of dismissal. The notice of appeal was filed May 8th, 1872. The transcript on appeal contains what purports to be a bill of exceptions reciting the facts, and the order vacating the order of dismissal. The only evidence used on granting this last order was the pleadings, the minutes of the Court showing the dates of filing the papers, and the order continuing the argument of the demurrer by consent, and the rule of Court. What purported to be the bill of exceptions was not signed by the Judge. No affidavits were filed or used on the question of diligence in prosecuting the action.

*McKune*, for Appellant, argued that the case was not brought on for a hearing by merely continuing the hearing of the demurrer, and that an issue is not brought on for a hearing until the attention of the Court has been directed to the merits of the issue, and cited *Duprey* v. *Shear*, 29 Cal. 241; *Reynolds* v. *Page*, 35 Cal. 296; and *Grigsby* v. *Napa County*, 36 Cal. 585.

*Catlin*, for Respondent, objected that there was no statement on appeal annexed to the order.

By the Court:

The appeal is taken from an order entered April 3d, 1872, reciting that the action had been shortly theretofore dismissed upon *ex parte* motion of defendants, and under a misapprehension of the facts by the Court, and directing the restoration of the cause.

1. No statement is annexed to the order in accordance with section three hundred and thirty-eight of the Practice Act, and for that reason the alleged error in entering the order cannot be inquired into.

2. But if the question argued at the bar had been properly presented the order would not have been disturbed. The decision *as made below* was one based wholly upon the construction which the Court below placed upon its rules of practice, and even if open to examination here, on the ground that it mistook the meaning of its own rules, we think that the continuance of the cause on April 14th, 1871, *upon consent of parties*, took away for the period of two years thereafter the right of the defendant to move its dismissal under the thirty-first rule of the Court below.

It is argued here, however, that the cause should have been dismissed, irrespective of the rule itself, and upon the ground of lack of diligence in its prosecution.

If the question of diligence in fact, and under the actual circumstances of the case as they may be ascertained to exist, is to be made, it ought to be presented to the Court below in the first instance, upon notice given, so that the plaintiff may have an opportunity to present the facts upon which he relies to establish the proper degree of diligence upon his part. No such proceeding appears to have been as yet attempted upon the part of the defendant in the Court below.

Order affirmed.