[No. 811.]

## H. WEINRICH ET AL., APPELLANTS, *v.* S. G. PORTEUS ET AL., RESPONDENTS.

APPEAL FROM ORDERS AFTER FINAL JUDGMENT.—An appeal from a special order made after final judgment must be taken within sixty days after the order is made.

IDEM—HOW APPEAL SHOULD BE TAKEN.—In taking an appeal from orders based upon affidavits, no statement on appeal is required. It is only necessary to annex the affidavits to the orders, and have them properly certified.

IDEM.—The fact that the orders are embodied in a bill of exceptions allowed by the judge, is not sufficient to prevent a dismissal of the appeal, unless the affidavits are annexed to the orders, and a certificate given as required by section 1401 Compiled Laws.

APPEAL from the District Court of the First Judicial District, Storey County.

The facts are sufficiently stated in the opinion.

*Drake & Gaston,* for Appellants:

I. It was not necessary to appeal from the first order as it was only the first step taken to secure the rights of obtaining a release of money subject to the attachment lien. The first order did not injure appellant until the second order was made. We contend that the first became a part of the second order, and must be so treated as to date within which appeal must be taken.

II. The motion to strike out the bill of exceptions ought not to prevail. (1 Comp. L. 1398; Civil Practice Act, sections 330, 337.)

*J. A. Stephens,* for Respondent:

I. An appeal from any special order made after final judgment must be taken within sixty days after the order is made and entered in the minutes of the court. (Civil Practice Act, section 330; Compiled Laws, section 1391; *Bornheimer* v. *Baldwin,* 42 Cal. 27; *Lower* v. *Knox,* 10 Cal. 480; *Kittredge* v. *Stevens,* 23 Cal. 283; *Towdy* v. *Ellis,* 22 Cal. 651.) The court cannot enlarge the time for taking an appeal. (*Dooling* v. *Moore,* 20 Cal. 141.)

II. This is not a proper case for a bill of exceptions.

(Civil Pr. Act, sec. 332; *Wetherbee* v. *Carroll*, 33 Cal. 552; *Caulfield* v. *Doe*, 45 Cal. 221; *Quivey* v. *Gambert*, 32 Cal. 307; *Central Pacific R. R. Co.* v. *Pearson*, 35 Cal. 257.)

By the Court, BEATTY, J.:

At the time of commencing this action plaintiffs caused an attachment to be issued and levied upon the moneys due, or to become due to the defendant Porteus upon certain fire insurance policies.

Porteus, claiming that the moneys so attached were exempt from execution, moved, upon affidavit, to discharge them from the attachment, and on the eighth of January, 1876, three days after the entry of judgment for plaintiffs, the court ordered the insurance agents to pay the money into the hands of its clerk. Subsequently, on the first of March, on motion of Porteus, and one claiming to be his assignee, on the same and additional affidavits, the court made two additional orders, directing its clerk to pay the amount due on two of the policies to the defendant, Porteus, and the amount due upon the third policy, the one claimed to have been assigned to the sheriff who had served the attachment. On the twenty-first of March following, this appeal was taken from these three orders, and in support of the appeal counsel for appellant prepared what he has denominated a bill of exceptions, which was allowed by the district judge on the eighteenth of July, 1876.

In this so-called bill of exceptions are embodied the various notices of motions and affidavits used in the district court, the orders appealed from, and a statement of the grounds upon which the appellants objected to their being made.

This being the state of the case, the respondents now move: First. To dismiss the appeal from the order of the eighth of January, upon the ground that it was not taken in time; and second, to strike from the record the so-called bill of exceptions, upon the ground that the appeal from these orders could only be supported by a statement prepared in conformity to the provisions of section 332 of the practice act. (C. L. 1393.)

The first motion must prevail upon the ground stated. More than sixty days elapsed after the order of eighth January was made and entered before notice of appeal, and the right of appeal was thereby lost. (C. L. 1391; 42 Cal. 27; 10 Id. 480; 23 Id. 283; 22 Id. 651.)

The second motion must also prevail. The orders in question having been based upon affidavits, no statement on appeal was needed in order to bring them here for review. It was only necessary to annex the affidavits to the orders and have them properly certified. (C. L. 1398, 1401.) If the orders and the affidavits, as they appear in the transcript filed here, were properly certified, we should overrule respondent's motion to strike out, and merely treat the other parts of the bill of exceptions as surplusage. But, unfortunately, they are not properly certified and cannot be regarded in the present condition of the record. Being embodied in a bill of exceptions allowed by the district judge does not save them. The only bills of exception which can be brought up by appeal are those taken during the progress of a cause before judgment. (C. L. 1251, 1671; 33 Cal. 552; 35 Id. 257; 45 Id. 222.) If the order appealed from is based upon affidavits, it is sufficient to attach the affidavits to the order and bring them here properly certified by the clerk of the court or by the attorneys. (C. L. 1401.) And this, it seems, would have been sufficient in this case; but if not, it was necessary to prepare a statement according to the mode prescribed in section 332. (C. L. 1393.)

Respondent's motions to dismiss and strike out are sustained.