[No. 1462.]

# REINHOLD SADLER, RESPONDENT, v. STATE OF NEVADA, APPELLANT.

PRESUMPTIONS ON APPEAL—INSUFFICIENT RECORD.—The plaintiff, as lieu-
tenant-governor, sued to recover compensation for seventeen days'
services, during which time he alleged he had acted as governor of
the state. The answer denied that he had acted in that capacity for
more than four days. Judgment was rendered in the plaintiff's
favor, and without statement on appeal, or motion for new trial, the
defendant appealed: *Held*, that the presumption is that the court
found that he had acted as governor for the time alleged, and that
the evidence was sufficient to support the finding. (Syllabus by
BIGELOW, C. J.)

APPEAL from the District Court of the State of Nevada,
Ormsby county; *C. E. Mack*, District Judge:

Action by Reinhold Sadler against the State of Nevada.
Judgment for plaintiff, and the State appeals.    Affirmed.

The facts appear in the opinion.

*Robert M. Beatty*, Attorney-General, for Appellant.

*James R. Judge*, for Respondent.

By the Court, BIGELOW, C. J.:

The plaintiff, as lieutenant-governor, brought his action in
the district court to recover $136 as compensation due him
for seventeen days' services rendered by him during the
month of November, 1895, as acting governor of the state of
Nevada, and for mileage in connection with those services.

The statute provides (Stats. 1891, 104), that "the lieuten-
ant-governor shall receive ten dollars per day when acting
as president of the senate, and eight dollars per day when
acting as governor, and such mileage as is paid to members
of the legislature." As no objection has been made to the
complaint, we shall treat the allegation that he was "acting
governor" during the time mentioned, as it was treated in
the court below, as equivalent to an allegation that he was
then "acting as governor." The answer denies that the
plaintiff acted as governor for more than four days during
the month of November, 1895, and contains an allegation
that for the four days he has been fully paid. It will thus
be seen that a square issue of fact was made by the pleadings

as to the length of time he had acted as governor, for clearly he is only entitled to compensation during the time he had so acted. Judgment was rendered in the plaintiff's favor for the full amount of his demand for services, less four days for which he had been paid, but he was allowed no mileage. From this judgment the state appeals.

There was no motion for new trial, nor is there any statement on appeal. It follows that there is nothing before this court except the judgment roll, which consists of only the complaint, the answer and the judgment. (*McCausland* v. *Lamb*, 7 Nev. 238.) Under these circumstances, we must presume that the court's findings were such as to support the judgment (*Welland* v. *Williams*, 21 Nev. 230), and, consequently, that it was found that plaintiff had acted as governor during the time alleged. In the absence of a motion for new trial, the question of whether this finding was correct is not before us. (*James* v. *Goodenough*, 7 Nev. 324; *Burbank* v. *Rivers*, 20 Nev. 81.) We must presume the evidence was sufficient to support it, or that otherwise the defendant would have moved for a new trial on that ground. The question, therefore, principally argued, as to when the lieutenant-governor acts as governor, is not so presented that it can be decided.

Judgment affirmed.