[No. 1483.]

## E. REINHART & CO., RESPONDENTS, v. COMPANY D, FIRST BRIGADE, NEVADA NATIONAL GUARD, ET AL., APPELLANTS.

PRACTICE—APPEAL—TIME OF TAKING.—If an appeal lies from an order refusing to open a default, under the provisions of section 330 of the civil practice act (Gen. Stats. 3352), it must be taken within sixty days or the right of appeal therefrom is lost.

IDEM—RECORD DEFICIENT.—If the order refusing to open a default may be reviewed on appeal from the judgment, under the provisions of section 338 of the civil practice act (Gen. Stats. 3360), it cannot be done where no statement is attached to the judgment roll, and all the facts upon which the lower court based its order do not appear in the judgment roll.

APPEAL—MOTION TO STRIKE FROM RECORD—IMPERFECT CERTIFICATE.—A motion to strike out and discharge from the record an alleged answer of appellants, which could only have been used for the purpose of an affidavit in support of a motion to set aside a default, and which was so used in the lower court by express stipulation, must be sustained, it not being properly certified to this court, and not constituting a part of the judgment roll.

JUDGMENT—NO ERROR IN RECORD.—Where there is nothing before the court but the pleadings and papers constituting the judgment roll, and no error is disclosed therein, the judgment will be affirmed.

APPEAL from the District Court of the State of Nevada, Humboldt county; *A. E. Cheney,* District Judge:

Action by E. Reinhart & Co. against Company D, First Brigade, Nevada National Guard, and others. From an order refusing to set aside a default, and from a judgment in favor of plaintiffs, defendants appeal. Appeal from the order dismissed. Judgment affirmed.

The facts sufficiently appear in the opinion.

*L. A. Buckner,* for Appellants:

I. The court erred in refusing to set aside and annul the default entered in this action. There was an answer on file in the action, and consequently an issue to be tried—an issue of fact. (Gen. Stats. 3177; *Maples* v. *Galler,* 1 Nev. 233.)

II. The judgment roll shows that if there was any default on the part of defendant, which is not conceded, it was only of a few hours.

III. In relation to opening default, this court, in the case

of *Howe* v. *Coldren*, 4 Nev. 171, said: "The court should be liberal in setting aside defaults when it appears that the party defaulted has a good defense, and has been guilty of carelessness and inattention without wilful or fraudulent delay."

*Harry Warren* and *R. M. Clarke*, for Respondents:

I. An order granting or refusing a motion to set aside a default is a matter within the sound legal discretion of the trial court, and, except where there is apparent abuse of that discretion, this court will not interfere. (*Howe* v. *Coldren*, 4 Nev. 172; *State* v. *Mining Co.*, 13 Nev. 194; *Ewing* v. *Jennings*, 15 Nev. 81; *Garner* v. *Earlanger*, 86 Cal. 60; *Underwood* v. *Underwood*, 87 Cal. 523.)

II. The appeal from the order refusing to set aside default is not taken within the time prescribed by law and cannot be considered. (Practic Act, sec. 330; *Winter* v. *Winter*, 8 Nev. 261; *Weinrich* v. *Porteous*, 12 Nev. 104.)

III. On a judgment by default the answer constitutes no part of the judgment roll, and will be disregarded. (Practice Act, sec. 205; *Sharp* v. *Daughney*, 33 Cal. 505; *Iriven* v. *Davy*, 26 Pac. 506.)

IV. There being no statement or bill of exceptions, nothing but the judgment roll can be considered on the appeal from the judgment, and if the judgment roll be regular and sufficient, the judgment must be affirmed. (Gen. Stats. 3358–3362; *Howard* v. *Richards*, 2 Nev. 128; *Klein* v. *Allenbach*, 6 Nev. 159; Hayne on New Trial, sec. 229; 10 Cal. 192; 27 Cal. 109; 28 Cal. 296; 33 Cal. 553.)

V. An order refusing to set aside a default is not appealable. (Gen. Stats. 3352; Hayne on New Trial, sec. 188, and cases cited.)

VI. The default was entered July 10, 1896; the order refusing to set aside the default was made July 28, 1896; the judgment was entered September 21, 1896; the appeal was taken October 9, 1896, more than sixty days after the order appealed from was made. The appeal was made too late, and the right to appeal (if it ever existed) is lost. (Gen. Stats. 3352; *Winter* v. *Winter*, 8 Nev. 129; *Weinrich* v. *Porteous*, 12 Nev. 102; 42 Cal. 27; 23 Cal. 283; 22 Cal. 651.)

By the Court, MASSEY, J.:

This is an appeal from an order refusing to set aside a default, and from a judgment made and entered in the district court of the second judicial district of the state of Nevada, in and for Humboldt county.

The respondents commenced an action to foreclose a mortgage in said court on the 21st day of May, 1896, and the summons, with the proof of service, was returned and filed on the 22d day of May, 1896. On the 26th day of May, 1896, the appellants filed a demurrer to the complaint, alleging as cause therefor misjoinder of parties plaintiff and defendant, and that the facts stated were not sufficient to constitute a cause of action. On the 19th day of June, 1896, the demurrer was overruled, after argument, by the court, and the appellants were allowed twenty days in which to answer. On the 10th day of July, 1896, default was entered against all the appellants for failure to answer within the time allowed. On the 27th day of July, 1896, the appellants filed a notice of motion to set aside the default, and, by stipulation of counsel of the respective parties, the hearing of the said motion was set for July 28, 1896. The minutes of the court disclose the fact that, on the last-named date, the said motion was made, oral testimony was offered in support of the same, and, after consideration by the court, the motion was denied. No objection was made and no exception was saved to the order of the court denying said motion; neither does the record, in any manner, disclose all the facts upon which the court based its action. Thereupon the court appointed a commissioner to take testimony on the amount due on the mortgage sued on, and on the 21st day of September, 1896, upon the report of said commissioner, rendered judgment and decree of foreclosure in favor of the respondents.

The respondents ask this court to dismiss the appeal taken from the order refusing to set aside the default. This motion must prevail. If the order is one from which an appeal can be taken, under the provisions of section 330 of the civil practice act, the right of appeal therefrom was lost, as the appeal was not taken until the 9th day of October, 1896, or more than sixty days after the order was made and entered. (Gen Stats. 3352; *Weinrich* v. *Porteous*, 12 Nev. 102.)

If it should be contended that the order is subject to review on appeal from the judgment under the provisions of section 338 of the civil practice act, such contention is answered by the fact that no statement is attached to the judgment roll, and all the facts upon which the lower court based its order do not appear in the judgment roll. (Gen. Stats. 3362; *McCausland* v. *Lamb*, 7 Nev. 238; *Karth* v. *Orth*, 10 Cal. 192; *Harper* v. *Minor*, 27 Cal. 107; *Abbott* v. *Douglas*, 28 Cal. 295; *N. & S. C. Co.* v. *Kidd*, 43 Cal. 180; *Stone* v. *Stone*, 17 Cal. 513; *Poole* v. *Caulfield*, 45 Cal. 107; *McAbee* v. *Randall*, 41 Cal. 136; *Dooley* v. *Norton*, 41 Cal. 439; *Caulfield* v. *Doe*, 45 Cal. 221.)

Counsel for respondents asks this court to strike out and discharge from the record the alleged answer of the appellants. This motion must also be sustained. The only purpose for which it could be used was as an affidavit in support of the motion to set aside the default. It was so used in the lower court by express stipulation. See record, pp. 11 and 12. It is not a part of the judgment roll and cannot be so considered. Neither is it properly certified to this court as an affidavit in support of the motion to set aside the default. (Gen. Stats. 3362; *Weinrich* v. *Porteous, supra.*)

The only remaining matter for consideration is the appeal from the judgment. An examination of the judgment roll fails to disclose any error. The judgment is sustained by the pleadings and papers constituting the judgment roll, and must therefore be affirmed.