## HOUGH *v.* NEVADA TREASURE MINING CO. ET AL.

No. 2935

July 1, 1931.                                        300 P. 948.

*Harwood & Diskin,* for Respondent:

*Clyde D. Souter, James T. Boyd* and *Sardis Summer-field,* for Appellant:

## OPINION

By the Court, SANDERS, J.:

The appeal was perfected on December 3, 1930. Omitting its formal parts, the notice of appeal reads as follows:

"1. From that certain order and judgment, and the whole thereof, made and entered in the minutes of the Court in the above-entitled action and Court on the 6th day of June, 1930, wherein and whereby it was ordered that the Judgment heretofore entered in the above-entitled cause in favor of M. J. Hough and against Nevada Treasure Mining Company, aforesaid, be vacated and set aside and for nothing holden; that the default of the Defendant, Nevada Treasure Mining Company, be set aside and vacated and for nothing holden; and whereby a judgment in favor of the Defendant, Nevada Treasure Mining Company, aforesaid, and the intervening petitioner and stockholder, Catharine M. Gallagher, was entered, and the prayer of the petitioner granted."

The minute "order and judgment," so called, referred to in the notice of appeal, reads as follows:

"It will therefore be the order of the Court that the Motion to strike made by plaintiff be and the same hereby is denied that the objections of plaintiff to the introduction of the petition of Catharine M. Gallagher notice of Motion. affidavits in support of the motion order to show cause. certificate of the Secretary of State of the State of Washington and to the hearing of the Motion be overruled.

"It is further ordered adjudged and decreed that the judgment in this case be vacated and set aside. That the execution issued thereon be quashed and declared of no effect and that the sheriff of Eureka County Nevada be restrained from proceeding further on said execution.

"Plaintiff is given an exception to the Court's rulings and the petitioner is hereby awarded costs.

"Dated this 6th day of June, 1930."

The respondent Catharine M. Gallagher moves to dismiss the appeal upon the ground that it was not taken in time. She moves to strike the record on appeal upon the ground that the papers, documents, and files constituting the transcript on appeal are not incorporated in a bill of exceptions in conformity to the statute. If it be determined that the motion to dismiss the appeal is well taken, it will be unnecessary to pass upon the motion to strike.

The question raised by the motion to dismiss is resolvable into one of whether the appeal is taken from a final judgment in an action or special proceeding, or whether it is an appeal from a special order made after final judgment, entered in the minutes of the court. Section 8885, N. C. L. 1929, provides that an appeal may be taken from a final judgment in an action or special proceeding in which the judgment is rendered, within six months after the rendition of the judgment; an appeal may be taken from any special order made after final judgment within sixty days after the order is made and entered in the minutes of the court.

The statutes point out for us the distinction between a "judgment" and an "order." "A judgment is the final determination of the rights of the parties in the action or proceeding." Section 8794, N. C. L. 1929. "Every direction of a court or judge made or entered in writing, and not included in a judgment, is denominated an order. An application for an order is a motion." Section 8909, N. C. L. 1929.

The court is of one mind that the appeal herein was taken from an order vacating and setting aside a final

judgment made and entered in the minutes of the court on the 6th day of June, 1930, upon the motion and petition of the respondent, Catharine M. Gallagher. As the appeal was not perfected until the 3d day of December, 1930, or more than sixty days after the minute order and judgment was entered in the minutes of the court, the appellant's right of appeal was lost. Weinrich v. Porteus, 12 Nev. 102; Reinhart & Co. v. Company D, 23 Nev. 369, 47 P. 979.

The motion to dismiss the appeal is sustained.

It is so ordered.

ON PETITION FOR REHEARING

September 9, 1931.

*Per Curiam:*

Rehearing denied.